# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## AT LONDON

CIVIL ACTION NO. 15-93-DLB-HAI

DIRECTV, LLC                                                                PLAINTIFF


V.                          **MEMORANDUM OPINION & ORDER**


JAMES FIELDS, ET AL.                                                  DEFENDANTS

\* \* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon Plaintiff DIRECTV, LLC's Motion for Partial Summary Judgment. (Doc. # 36). In its motion, DIRECTV, LLC ("DIRECTV") seeks partial summary judgment on its Telecommunications Act claim against Defendants James Fields, d/b/a Fields Cablevision; Walkertown Cable Services, LLC ("Walkertown Cable"); and Daniel Boone Motor Inn, Inc. ("Daniel Boone Motor Inn") (collectively "Defendants"). DIRECTV also seeks partial summary judgment against Defendant Altro T.V. Co., Inc. ("Altro T.V. Co.") and dismissal of its claims against Defendant Brittany Fields, who has neither been served nor filed a responsive pleading.

Defendants have failed to timely respond despite the Court's June 13, 2017 Order requiring them to do so. (Doc. # 39). Therefore, Defendants having failed to respond, and the time to do so having expired, this matter is ripe for the Court's review. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1338(a).[1]

---

[1] With respect to DIRECTV's other claims (fraud, negligent misrepresentation, breach of contract, unjust enrichment, and conversion), this Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Given the present procedural context, and Defendants' failure to respond to the Motion, the factual summary that follows is taken from DIRECTV's Complaint (Doc. # 1) and Motion for Partial Summary Judgment (Doc. # 36).   DIRECTV operates a direct broadcast satellite system responsible for delivering television channels to residences and businesses equipped with specialized DIRECTV receiving equipment.  (Doc. # 1 at ¶ 12).   The receiving equipment consists of a satellite dish, a receiver, and an access card necessary to operate the receiver.  *Id.*

DIRECTV's residential customers are bound by the terms and conditions set forth in the DIRECTV Customer Agreement.   *Id.* at ¶ 19.   The Agreement prohibits "any re-broadcasting or retransmitting of DIRECTV programming, or viewing or use of that programming at a location other than the subscriber's residence."   *Id.*   DIRECTV offers customers additional receivers so that households may have more than one television per home.   *Id.* at ¶ 20.   The additional receivers "mirror" the level of services authorized for the first receiver.   *Id.*   In order to be eligible for "mirroring," DIRECTV requires each additional receiver to be physically located in the customer's household.   *Id.*

DIRECTV also provides services to customers who wish to display DIRECTV programming in "lodging institutions such as hotels, motels, or resorts through a Satellite Master Antenna Television ("SMATV") account."   *Id.* at ¶ 21.   The SMATV Viewing Agreement "prohibits the reception or viewing of DIRECTV programming at any location other than the property approved by DIRECTV."   *Id.* at ¶ 23.   Additionally, the Viewing Agreement further prohibits any "reselling, transmitting, or rebroadcasting of DIRECTV programming outside the designated property."   *Id.*

Defendant James Fields had a residential account with DIRECTV and had also created DIRECTV accounts on behalf of several businesses that he owns and operates.[2] *Id.* at ¶ 25-27. It is this connection that provides the basis for DIRECTV'S claims against Defendants. Specifically, Defendant James Fields owns and operates cable systems that supply cable-television services to residential and commercial customers under the business names Fields Cablevision, Walkertown Cable, and Altro T.V. Co. *Id.* at ¶ 24. DIRECTV alleges that beginning as early as November 1999, when the Defendants' first account was opened, and continuing through June 2015, when their last known account was terminated, Defendants "used false information to open at least five DIRECTV customer accounts, and in turn used those fraudulent accounts to obtain and activate at least 76 integrated receivers that were used to decrypt and view DIRECTV programming." (Doc. # 36 at 2). DIRECTV alleges that Defendants distributed the programming over cable systems owned and operated by Defendants without DIRECTV's knowledge or consent. (Doc. # 1 at ¶ 37).

In February 2014, after receiving a report that DIRECTV programming was possibly being used as the source of television programming by several cable companies located in and around eastern Kentucky, DIRECTV undertook an investigation to determine whether Defendants were rebroadcasting DIRECTV programming to Defendants' own cable customers. (Doc. # 36 at 9). The undisputed evidence shows that Defendants Fields Cablevision, Walkertown Cable Services, and Altro T.V. Co., were

---

[2] Defendant James Fields created a SMATV account on behalf of Defendant Daniel Boone Motor Inn, Inc. and executed the SMATV Agreement. (Doc. # 1 at ¶ 28). Additionally, Defendant James Fields created a residential account on behalf of Altro T.V. Co., Inc. under the fictitious name "James Sego." (Doc. # 1 at ¶ 29).

fraudulently obtaining DIRECTV satellite television programming and distributing that programming over their own cable systems to customers. *Id.*

To confirm Defendants' fraudulent activities, DIRECTV transmitted an On-Screen Display ("OSD") to receivers associated with Defendants' accounts. The OSD was visible only to persons receiving programing through the Defendants' accounts. (Doc. # 1 at ¶ 37). The OSD directed viewers to call a telephone number that was set up as part of DIRECTV's investigation. *Id.* at ¶ 38. DIRECTV received at least nine calls in response to the OSD. Callers reported that they received a message at their residences where they obtained television programming through a cable wire running to their television rather than a receiver box. (Doc. # 1 at ¶ 38). Five callers indicated that they were not DIRECTV customers, but instead, were customers of Defendants' cable service(s). (Doc. # 36 at 12). One of the callers reported being a customer of Defendant Altro T.V. Co., and another caller reported being a customer of Walkertown Cable. (Doc. # 1 at ¶ 38). DIRECTV has been unable to determine the exact number of cable-television customers using the Defendants' cable systems. (Doc. # 32).

## II.   ANALYSIS

### A.   Defendant Brittany Fields is voluntarily dismissed from this action.

DIRECTV has indicated its intent to voluntarily dismiss its claims against Defendant Brittany Fields pursuant to Federal Rule of Civil Procedure 41(a)(1). (Doc. # 36 at ¶ 1). Voluntary dismissal by a plaintiff is permitted without a court order by filing a notice of dismissal before "the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Thus, since Defendant Brittany Fields has neither been served nor filed a responsive pleading, DIRECTV is entitled to

voluntarily dismiss its claims against Defendant Brittany Fields. Therefore, given that DIRECTV has indicated its intent to do so, and no order from the Court being required, Defendant Brittany Fields is dismissed from this action without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(b).

**B.     DIRECTV's construed Motion for Default Judgment is granted.**

DIRECTV seeks partial summary judgment against Defendant Altro T.V. Co, Inc. However, given the procedural posture of DIRECTV's claim, the Motion will instead be construed as a Motion for Default Judgment. On August 28, 2015, the Clerk entered Default against Defendant Altro T.V. Co., for failure to plead or otherwise defend itself against DIRECTV's Complaint. (Doc. # 20). DIRECTV has not filed a Motion for Default Judgment against Altro T.V. Co., but has instead filed a Motion for Partial Summary Judgment. Thus, that Motion will be construed as a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55. DIRECTV's construed Motion for Default Judgment is **granted**; however, pursuant to Rule 55(b)(2), the Court will conduct an evidentiary hearing to determine the amount of damages for which Altro T.V. Co., is liable.

**C.     DIRECTV is entitled to judgment as a matter of law.**

Summary judgment is appropriate when the record reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence … for a jury to return a verdict for" the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The "moving party bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co*., 532 F.3d 469, 483 (6th Cir. 2008).

Once a party files a properly supported motion for summary judgment, it is then left to the adverse party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. However, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Id.* at 252. The question the Court must ultimately decide is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Back v. Nestle USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251-52).

As the party moving for partial summary judgment, DIRECTV bears the burden of showing the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c). Assuming DIRECTV has satisfied its burden, the burden then shifts to Defendants to demonstrate "by deposition, answers to interrogatories, affidavits, and admissions on file—showing specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324)(1986)).

In its Motion for Partial Summary Judgment, DIRECTV asserts that the uncontested evidence establishes a clear violation of § 605(a) of the Telecommunications Act, entitling DIRECTV to judgment as a matter of law. (Doc. # 36). That provision of the Telecommunications Act provides, in pertinent part:

> [N]o person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney, (2) to a person employed or authorized to forward such communication to its destination, (3) to proper accounting or distributing officers of the various communicating centers over which the communication may be passed, (4) to the master of a ship under whom he

is serving, (5) in response to a subpoena issued by a court of competent jurisdiction, or (6) on demand of other lawful authority.

47 U.S.C. § 605(a). The Sixth Circuit has held that § 605(a) also applies to satellite transmissions. *Cablevision of Mich., Inc. v. Sports Palace, Inc.*, 27 F.3d 566 (6th Cir. 1994). Additionally, § 605(e)(3)(A) provides a cause of action. "[A]ny person aggrieved by any violation of subsection (a) … may bring a civil action in a United States district court." 47 U.S.C. § 605(e)(3)(A).

DIRECTV alleges that by creating and maintaining both residential and SMATV accounts with false information for an improper purpose, installing and maintaining DIRECTV receiving equipment at unauthorized locations, rebroadcasting and retransmitting DIRECTV programming through Defendants' cable system(s), and distributing and selling DIRECTV programming to the Defendants' customers, the Defendants have "received and assisted others in receiving DIRECTV's encrypted satellite transmissions of television programming without prior authorization or payment to DIRECTV in violation of 47 U.S.C. § 605(a)." (Doc. # 1 at ¶ 42). DIRECTV further alleges that Defendants' violations have deprived DIRECTV of "subscription revenues and other valuable consideration," compromised "DIRECTV's security and accounting systems," interfered with DIRECTV's "contractual and regulatory obligations," and obstructed "prospective business relations." *Id.* at ¶ 43.

DIRECTV's Motion is uncontested because Defendants have failed to respond, despite the Court's specific request for a response and an extended time to do so. (Doc. # 39). Joint Local Rule 7.1(c) provides that "[f]ailure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c). However, the Court's inquiry must not stop there. The Sixth Circuit has held that prior to dismissing an action, the Court must

still "consider the merits of the underlying motion." *Stough v. Mayville Cnty. Schs.,* 138 F.3d 612, 614 (6th Cir. 1998) (citing *Carver v. Bunch*, 946 F.2d 451, 452 (6th Cir. 1991)). More specifically, "[a] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Id.* at 614 (citing *Carver* at 455). "The court is required, at minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Id.* Accordingly, the Court will consider the merits of DIRECTV's Motion, despite Defendants' failure to respond.

To prevail on its claim against Defendants, DIRECTV must establish that Defendants "received, assisted in receiving, or intercepted DIRECTV satellite transmissions." *DIRECTV, Inc. v. Beauchamp*, 302 F. Supp. 2d 786, 791 (W.D. Mich. 2004). A plaintiff need not produce direct evidence that the communication was received or intercepted, but instead, may rely upon circumstantial evidence. *DIRECTV, Inc. v. Hyatt*, 302 F.Supp.2d 797, 802 (W.D. Mich. 2004) (citing *Walker v. Darby,* 911 F.2d 1573, 1578 (11th Cir. 1990)). Thus, in order for summary judgment to be granted, "plaintiff must produce circumstantial evidence to support the conclusion that there was an actual interception." *Id.* at 803. By contrast, "it is not enough for a plaintiff merely to show that a defendant possessed equipment capable of intercepting a communication." *DIRECTV, Inc. v. Gilliam,* 303 F. Supp. 2d 864, 871 (W.D. Mich. 2004). DIRECTV must show that the Defendants actually received or intercepted its communication. *Id.*

DIRECTV's circumstantial evidence of Defendants' actual interception of DIRECTV's signal is substantial. DIRECTV has alleged the following facts that are undisputed. In February of 2014, DIRECTV received a report that its programming was possibly being used as the source of television programming by several cable companies

located in and around eastern Kentucky.  (Doc. # 36 at 9).  All of the Defendants' accounts shared common service and billing addresses.  *Id.* at 9.  Furthermore, DIRECTV's Customer Service Department received numerous incoming calls regarding the accounts from the same telephone numbers.  *Id.*  Those telephone numbers were linked to Defendants James Fields, and the cable companies doing business as Fields Cablevision, Walkertown Cable, Daniel Boone Motor Inn, and Altro T.V. Co.  *Id.*  Five DIRECTV subscriber accounts were identified as being used to retransmit DIRECTV programming without authorization to Defendants' cable customers.  *Id.*  DIRECTV then launched its on screen displays ("OSD"), which directed persons receiving the message to call DIRECTV.  *Id.* at 11.  In response to the OSD, DIRECTV received nine calls; five of the callers stated they were not DIRECTV customers, but were instead Defendants' customers.  *Id.* at 12.

As the party moving for summary judgment, DIRECTV has satisfied its burden of showing the absence of a genuine dispute of material fact.  Fed. R. Civ. P. 56(c).  The burden now shifts to Defendants to demonstrate "by deposition, answers to interrogatories, affidavits, and admissions on file—showing specific facts that reveal a genuine issue for trial."  *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (citing *Celotex Corp.,* 477 U.S. at 324).  Defendants have failed to set forth *any* facts, let alone "specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 250.  Instead, Defendants have merely put forth general denials contained in their Answers to DIRECTV's Complaint (Docs. # 12, 13, and 14).  Through their failure to respond to DIRECTV's Motion for Partial Summary Judgment, Defendants "have failed to meet their reciprocal burden of summary judgment of showing a genuine issue of material fact or a

dispute as to the law cited by Plaintiffs." *Local No. 207 Bridge, Structural, Ornamental & Reinforcing Ironworkers Annuity Plan v. Ruggery Steel, LLC*, No. 4:16-CV-1387, 2017 WL 1545127, at *5 (N.D. Ohio Apr. 28, 2017).

As a result, this Court finds that there is no genuine dispute of material fact concerning whether Defendants actually received or intercepted DIRECTV's programming. Because there are no questions of material fact concerning issues of liability, DIRECTV is entitled to judgment as a matter of law on its Telecommunications Act claim. Accordingly, DIRECTV's Motion for Partial Summary Judgment (Doc. # 36) is **granted** as to liability.

### D. Defendant James Fields is vicariously liable for violations of § 605(a).

DIRECTV also seeks to hold Defendant James Fields vicariously liable for the actions taken by the corporate defendants through their employees. (Doc. # 36 at 18). Defendant Fields is vicariously liable if he had "a right and ability to supervise the violations, as well as an obvious and direct financial interest in the misconduct." *J&J Sports Prods., Inc., v. Jaschkowitz*, No. 5:14-CV-440-REW, 2016 WL 2727015, at *2 (E.D. Ky. May 6, 2016) (quoting *J & J Sports Prods., Inc. v. 291 Bar & Lounge, LLC*, 648 F. Supp. 2d 469, 473 (E.D. N.Y. 2009)).

DIRECTV claims that there is no question that Fields satisfies the first requirement—as the owner/member of Fields Cablevision, Walkertown Cable, and Daniel Boone Motor Inn, Fields had the right and the ability to supervise the conduct of the companies. (Doc. # 36 at 19). Furthermore, DIRECTV also alleges that the second requirement is satisfied—Fields had a direct financial benefit stemming from the misconduct. *Id.* Fields "owns and manages" the corporate entities, "which gave him the

right and ability to supervise the violations and the requisite financial interest." *Joe Hand Promotions, Inc. v. Rizzi,* No. 12–2526, 2013 WL 6243824, at *5 (W.D. Tenn. Dec. 3, 2013) (imposing vicarious liability for § 605(a) violations).  The Court agrees.

Defendant James Fields had "a right and ability to supervise the violations as well as an obvious and direct financial interest in the misconduct." *J & J Sports Prods., Inc.,* 2016 WL 2727015, at *2.  DIRECTV has met its burden on summary judgment and Defendant James Fields has failed to meet his reciprocal burden.  *Ruggery Steel,* 2017 WL 1545127 at 5.  Accordingly, the Court **grants** summary judgment in favor of DIRECTV and finds that Defendant Fields is vicariously liable for the acts taken by the corporate defendants.[3]

### E.    DIRECTV's Request for Damages and Other Relief

In addition to its Motion for Partial Summary Judgment, DIRECTV also asks the Court to award monetary damages, attorneys' fees and costs, and permanent injunctive relief as provided for by 47 U.S.C. § 605(e)(3)(B).  The Court will address each request in turn.

---

[3]    DIRECTV also seeks to hold Defendant James Fields personally liable for violations of § 605(a), separate and apart from the actions of his companies and employees.  (Doc. # 36 at 18).  Specifically, DIRECTV alleges that "[t]he uncontested evidence and Fields's own admissions in his Answer to the Complaint clearly establish that he was the owner/member of Defendants Walkertown Cable and Daniel Boone Motor Inn, and a direct actor in the planning and implementation of the unlawful scheme." *Id.*  DIRECTV cites case law establishing that a member of a limited-liability company may be held personally liable if he or she participates in a tort committed by the limited-liability company.  *Id.* (citing *Dzurilla v. All Am. Homes, LLC*, No. 5:07-CV-239-KSF, 2010 WL 55923, at *3 (E.D. Ky. Jan. 4, 2010)).  However, DIRECTV's tort claims are not included in its Motion for Partial Summary Judgment.  Instead, DIRECTV has moved for partial summary judgment on its claims against Defendants' for violating § 605(a). *Id.* Accordingly, the Court declines to hold Defendant Fields personally liable for the corporate defendants' § 605 violations.

### 1. *Damages*

Under the Telecommunications Act, an aggrieved party may elect either to recover actual or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i). DIRECTV has elected statutory damages because of the difficulty of calculating the actual damages suffered. (Doc. # 36 at 20). The statute provides that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Furthermore, "[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section." 47 U.S.C. § 605(e)(3)(C)(ii).

Based on the current record, the Court is unable to award damages. The Sixth Circuit has held that "[i]f the District Court determines that" Defendants are subject to judgment as a matter of law, "this does not resolve issues relating to damages." *Antione v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).[4] Although DIRECTV has suggested how this Court should calculate damages (Doc. # 36 at 20-23), at this stage in the litigation, these pleadings are not conclusive. *Antione,* 66 F.3d at 110. Instead, where damages are unliquidated, judgment as a matter of law "admits only defendant's liability and the amount of liability must be proved." *Id.* (citing *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982)). Thus, the Court must hold "an evidentiary proceeding in

---

[4]   The Sixth Circuit, in *Antione,* specifically discusses default judgment rather than judgment as a matter of law. While the two are procedurally different, default judgment and judgment as a matter of law are similar in this case and *Antione* because both are a result of Defendants' failure to respond.

which the defendant has the opportunity to contest the amount [of damages]." *Id.* (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155 (2nd Cir. 1992)). Accordingly, even if Defendants are bound to issues of liability, they still have "the opportunity to respond to the issue of damages." *Id.* (citing *Greyhound Exhibitgroup,* 973 F.2d at 160-61).

### 2. Attorney's Fees and Costs

By statute, DIRECTV is entitled to an award of reasonable attorney's fees and costs. 47 U.S.C. § 605(e)(3)(B)(iii); 18 U.S.C. § 2520(b)(3). However, at this point in the case, the Court will not award attorney's fees and costs because DIRECTV has not provided the Court with sufficient information to make such a determination. The Court will address DIRECTV's request for attorney's fees and costs as part of the damages hearing.

### 3. Permanent Injunction

DIRECTV also seeks a permanent injunction to enjoin Defendants from continuing to violate § 605(a). DIRECTV correctly points to § 605(e)(3)(B)(i), which permits a court, upon finding a violation of § 605(a), to grant an injunction on such terms as it deems just to restrain future violations. 47 U.S.C. § 605(e)(3)(B)(i). However, to be entitled to a permanent injunction, DIRECTV must show: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not disserved by a permanent injunction. *eBay, Inc. v. MercExchange, LLC,* 547 U.S. 388 (2006). DIRECTV has failed to make such a showing.

After all, DIRECTV's Motion for Partial Summary Judgment is premised on the adequate legal remedy provided by § 605(e)(3)(A). Thus, no equitable remedy is warranted.[5]

## III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)    Pursuant to Federal Rule of Civil Procedure 41, Plaintiff DIRECTV, LLC's claims against Defendant Brittany Fields are voluntarily **dismissed without prejudice**;

(2)    Plaintiff DIRECTV, LLC's Motion for Partial Summary Judgment (Doc. # 36) against Defendants James Fields, d/b/a Fields Cablevision; Walkertown Cable Services, LLC; and Daniel Boone Motor Inn, Inc. is **GRANTED** as to liability under § 605(a) of the Telecommunications Act;

(3)    Plaintiff DIRECTV, LLC's Motion for Partial Summary Judgment (Doc. # 36) against Defendant Altro T.V. Co., Inc. is construed as a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55, and so construed is **GRANTED**;

(4)    With respect to damages, an evidentiary hearing is scheduled for **Wednesday, November 22, 2017 at 11:00 a.m. in London, Kentucky**; and

(5)    The Clerk of the Court shall mail a copy of this Memorandum Opinion and Order to the Defendants at the following addresses:

    (a)    James Fields
        102 N. Engle Street
        P.O. Box 237
        Combs, KY 41729

    (b)    Walkertown Cable Services, LLC
        102 Engle Street
        P.O. Box 237
        Combs, KY 41729

---

[5]    Additionally, a permanent injunction is not needed given that Defendants' "last known DIRECTV account was terminated" in June 2015. (Doc. # 36 at 2).

(c)     Daniel Boone Motor Inn, Inc.
        90 Boone Ridge
        Hazard, KY 41701

(d)     Alto T.V. Co., Inc.
        124 Charles Back Drive
        Whick, KY 41390

This 2nd day of October, 2017.



Signed By:

*David L. Bunning*

United States District Judge

K:\DATA\Opinions\London\15-93 MOO re MSJ.docx